May it please the Court. The question presented in this appeal is whether the Younger Abstention Doctrine is broad enough to enable a district court to decline the exercise of jurisdiction otherwise conferred upon it in favor of a hypothetical lawsuit involving different parties, different claims, and seeking different relief than that authorized in any presently pending state court proceeding. Counsel, let me start with a question that's mostly an alert to opposing counsel. Did anyone argue to the district court or even note to the district court the Supreme Court's decision in Sprint Communications v. Jacobs? Yes, Your Honor. We addressed Sprint, and Sprint is an extremely helpful case to us, which limits Younger to a very And the district court did not mention it? The district court did not address Sprint, Your Honor. And the last line of the penultimate paragraph, in reversing the Eighth Circuit nine to nothing for invoking Younger abstention, says, we today clarify and affirm that Younger extends to the three exceptional circumstances identified in NOPCY and no further. Did the district court obey that command? Your Honor, I don't believe that it did. The whole analysis was the three middle sex factors. You are correct, Your Honor. Which Jacobs goes at great length to say, sure, they're relevant, but they don't add anything to NOPCY. You are correct, Your Honor. And speaking to that briefly, number one, I certainly hate to see the Supreme Court reverse this court ever. But certainly, when it did so in that case, it made a very clear statement that its holding in NOPCY should control. And the New Orleans case that the Supreme Court made much to do about was involved specifically a zoning issue. But to be clear about this case, to make sure that everyone is aware of the underlying proceeding, the state court proceeding at issue in this particular case was a statutory action for certiorari review of a quasi-judicial decision of the Stone County Board of Adjustment that denied my client 375's application for conditional use permit to operate a nightly rental. There was nothing, there was no enforcement. This was entirely your client's initiative, correct, to challenge the denial of this permit? That is correct, Your Honor. There was no enforcement action. To my knowledge, there's been no enforcement action threatened. There's no enforcement action pending. And there has, other than in the federal case, there's been no action that addressed any potential enforcement action or the legislative enactment. Which is, I think Judge Kelly, you're making the point that I was about to make, which is, you know, we didn't have the ability in the Board of Adjustment action, the state certiorari action, to challenge the legislative enactment. I mean, by statute, what we were entitled to bring against the Board of Adjustment was a challenge to the decision that it rendered, which was the application of the ordinance. I'm having a hard time sorting out. You seem to be arguing that one of your challenges in the federal case is to the statute as applied. Correct. And your challenge in the state certiorari is to the application of the statute. It feels like you're slicing with a very fine blade there. So, I am, but the Supreme Court of the state of Missouri did so as well. When they talked about an as applied challenge being directed to an ordinance, as opposed to a challenge to a decision that was made in the application of the ordinance. What we're saying is that the ordinance as applied to us, not necessarily by, in this particular decision by the Board of Adjustment, but as the statute applies to 375. But how do you tease that out? I mean, in the practicality of things, you no longer have a case where you're dealing with the abstract possibility, as is sometimes true in a vagueness challenge, of how the statute might work in your circumstance. You have a case of exactly how the statute did work in your circumstance. So, I'm having a hard time seeing that it is not a semantic difference. So, I disagree with you, Judge Menendez, with respect to sort of the premise. And the premise is that we had a situation where we saw how the ordinance actually applied to us. I disagree. What we saw was how a, the CUP, basically the opportunity to obtain a conditional use permit was applied in a particular application to us. But in the federal action, what we were essentially challenging was the future enforcement. So, as applied by way of future enforcement, which we sought to enjoin by the county commission or the county itself, we believed that, as applied at 375, the enforcement of the statute, meaning all the penalties that come from violating essentially a, you know, the ordinance that would prevent us from conducting nightly rentals, it would be an illegal or unlawful application to us because the ordinance didn't provide us with sufficient notice as to what type of conduct was prohibited. And so, the difference is that we're attacking the enforcement of the ordinance in the federal action, and really what we're attacking in the state court action is merely a decision that was made not through the enforcement of the ordinance, but by way of our application for an exemption or a. But exploring specifically how the application of the ordinance would work in your case. Although it might have been seeking relief from the ordinance under administrative protocol, it was very much about does this ordinance prohibit what 375 is trying to do or not. No, it was whether or not we were entitled to a conditional use permit, not whether it would prevent us from doing what we wanted to do anyway. So, we're challenging the enforceability of the ordinance that prevents us from doing nightly rentals in the federal action. In the state court action, we're challenging whether or not the board of adjustment accurately and correctly applied the conditions for which we could obtain an exemption from the ordinance. So, again, the enforcement of the prohibition on the federal level and an exemption or a decision related to the exemption at the state court level. What is happening in the state court? Presently? Yeah. We are awaiting a decision from the court. There was a, it was originally remanded to the board of adjustment for a written determination for what the district court or the circuit court described as a violation of the administrative hearing statutes of the state of Missouri. There wasn't a written decision that was issued. It remanded for a written decision by the board of adjustment. That written decision has been presented by the board of adjustment and we're waiting on a decision as to whether or not. So, that suggests if we reverse, they'll keep waiting. But not on any of the, yes, that is correct. I mean, if you reverse here, there's not going to be any direct impact. We're still going to have to litigate the issue as to whether or not the ordinance itself is unconstitutional. I assume that's what, that's the only reason for them to wait. I don't know why they don't finish their job. Well, I can't, certainly can't speak to, and I certainly wouldn't want to criticize the circuit court of Stone County. I'm sure that the judge is doing his best to get through the record. But his job is very different than the job of the federal court here. His job is to determine whether or not the record supports the ultimate findings in the decision of the board of adjustment. That really wouldn't be at issue in the federal case. What's at issue in the federal case is whether or not the ordinance itself is unconstitutional by either facially or as applied through an enforcement mechanism against my client, 375. So, again, may or may not make this such a. So, the issue isn't though what you chose, I'm sorry, Judge Kelly, you go ahead. No. It isn't what you chose to bring where, it's what you could have brought. And so, I. And what's your best case for, like on point, for the idea that you could not have brought, and I understand you say you didn't have the right parties, but I need something other than your assertion that you didn't have the parties who could take the action. One of the things I find interesting about what you've done is you've essentially taken an administrative body and put it in one case and put its appellate administrative body in another case, which is a choice you made. So, what is your best authority for the idea that you could not have brought the issues you brought in the federal case in that cert petition? Antioch. So, it's a Missouri Supreme Court case from 2018. And Antioch expressly holds that, in that case, basically what happened is that a church challenged a Board of Zoning Adjustments decision and also attempted to bring constitutional claims against the Board of Zoning Adjustment. After a decision on cert had been rendered, they tried to join the city because they realized that they needed the city to be a party in order to bring the constitutional claims, since the city is the one who adopted the ordinance. And what the Supreme Court says, kind of ignoring the procedural issue, basically determined that the city wasn't properly a party. And what the Supreme Court said was, the constitutional claim the church makes that Kansas City violated the First Amendment in enacting the portion of its zoning code disallowing digital monument signs is a claim directed at Kansas City. The parties acknowledge the Board of Zoning Adjustment did not adopt the zoning code and has no authority to adopt or modify ordinances. So, the circuit court could not grant relief in Kansas City's absence. We could not challenge the enactment of the ordinance or the enforcement of the ordinance against the Board of Zoning Adjustment, or the Board of Adjustment, as it's called in Stone County. And that is because they're not the ones who are responsible for adopting or promulgating the ordinance, and they're not the ones that are responsible for enforcing it. And that's the direct holding of Antioch. And Antioch contemplates that it doesn't have the right people in the room. Correct. Does it address your ability to get the right people in the room in that proceeding? Antioch does not. But I do think that there is a key case that does, and it's a case from the United States Supreme Court, which talks about, excuse me just a second, well, in fact, it's New Orleans Public Service versus the Council of City of New Orleans. It's the 1989 case. It's an op-see. And what it says is that the right of a plaintiff to choose a federal court where there is a choice cannot be properly denied. And so what you're talking about, I think, is whether or not we can be forced as a result of Younger to choose to bring a lawsuit against different parties asserting different claims in a state court proceeding. Basically, what you're saying is, could we have sued other parties? Could we have brought a different lawsuit? Yes, absolutely we could have. This proceeding, I understand that argument from your briefing. I'm saying not could you have brought a different lawsuit. Oh, sure. But I think one of the things Younger is trying to avoid here is you parsing and bringing, you know, taking the same set of questions and choosing to litigate them simultaneously in two forms. So it's not could you have brought a totally different lawsuit. It's could you have added or included these parties in this petition? We could have, but it would have had to have been a separate count. So we could not have brought a 64870.2 challenge, which is the cert challenge, against anybody other than the Board of Adjustment. And that's because the statute provides that the only thing that can be reviewed in that action is the decision of the board, the one, whatever body rendered the decision. So could we have joined additional parties under different counts of the same proceeding? Not in the 64870 proceeding. It could have been the same lawsuit, yes. I mean, it could have been under the same case number, but it would have had to have been a separate count or a separate cause of action. And they would not have, even the causes of action would not have overlapped in terms of who the defendants were. And I think, again, that gets directly to the point that I was trying to make under NOPSI, which is essentially what you're doing is saying if I sue, for example, if I had a lawsuit against John Doe, but I also had a lawsuit against Jane Doe that related to similar issues that I filed in federal court, could the federal court force me to add Jane Doe to the John Doe lawsuit as well? I mean, the answer is no. Well, it's not about what the court is forcing you to do. It's about what the court is choosing to do with their own jurisdiction. Except that it runs directly contrary to the well-established right that was since Wilcox in, I think, 1909, which was recognized, again, in NOPSI, which says, listen, if you have a proper federal forum, a plaintiff has a right to choose where to bring the suit. You cannot, merely because it may be more judicious or more efficient to force that plaintiff to litigate that case in state court, you can't do that. The federal court has an unflagging and unwavering obligation except for in very limited circumstances. And under NOPSI, this case does not apply. Under Sprint, this case would not be one in which the federal court properly would abdicate its obligation under Article III to entertain the case. The first affirmative defense, of course, would be a failure to exhaust. It would be, arguably. And if that prevails, back to state court. Arguably, that would be correct. The only issue is, again, we don't have any obligation. Exhaustion would include appeal. It would, except, again, we don't. Under whatever procedures Missouri allows. This is like the teacher's cases out of Minnesota from 20 or 30 years ago, where certification is the exclusive remedy for teacher discipline. And we went around and around about abstention intersecting with that. I'm unfortunately not familiar with that particular line of cases. But I do agree with you that there are affirmative defenses that could be raised in the federal court. I don't agree to the extent that you're claiming that we would have failed to exhaust our administrative remedies with respect to a challenge to the ordinance. Again, there is no administrative remedy for us to challenge the adoption or the future enforcement of the ordinance. The only administrative obligation that we had was to file our appeal at the Board of Adjustment, I'm sorry, to file our appeal by writ of certiorari to the Stone County Court with respect to the specific decision of the Board of Adjustment that denied our application for conditional use permit. If there are no other questions, I'll yield my time. Thank you. Thank you. I'm used to being alone up here. Mr. Elliott. Good morning. May it please the court. Counsel. To start off with, your honors, I want to address a couple of the issues in Mr. Ancrum's presentation. The first question from this court was, what about NOPC? What about SPRINT? Well, first of all, SPRINT is a federal preemption case involving telecom fees, and it's not a state planning and zoning land use case. I think that the Supreme Court... Preemption of the Iowa Utilities Board. That's right. Not a whole lot different than zoning boards. I would argue materially different, but for the reason that whenever the court... Well, don't say it was a federal action. It's irrelevant. It had to do with younger preemption of state remedies. And our decision that the federal court was younger preempted. Correct. That was the first nine to nothing. And the concept behind younger from the very beginning has been federalism and comity between the states and the federal government. And of course, in this case, this is outside the record. This isn't at issue, but... Just tell me which of the NOPC, the three NOPC sections you're defending the district court on. It could be two or three. Either of those two elements under NOPC could be set. What's the enforcement under two? Well, the enforcement, what I was getting ready to say, Your Honor, is this court asked the question to Mr. Ancrum about was there an enforcement proceeding? Well, under the record presented to this body, the answer is no. However, the actual facts in the underlying state proceeding was that this particular landowner had operated out of compliance with respect to Stone County's planning and zoning regulation leading up to their request for the conditional use permit. That was, and that has not, that has been borne out in the underlying state court action. But I would propose to this court that had 375 Slain Chapel Road not applied for their CUP and the arguments and facts giving rise to them making that application, it could have and potentially would have resulted in a local enforcement proceeding. What's your best federal case for, this is a civil enforcement NOPC case? I don't know that I have a great case post-sprint. I don't think there is one. I don't think there is, Your Honor. No. All right. So what about the third factor, which is kind of the squishiest? Correct. So why is this fit within the third NOPC category? Judge, we have a couple of cases. I mean, we have Minnesota Living Assistance v. Peterson out of the 8th Circuit in 2018, which would have been five years after. Admittedly, that was an FLSA case. But I think the corollary there is similar in the sense that you have. I want a NOPC case. I want a case that says this is the third, this was all fought on Middlesex. And Jacob says, you know, forget Middlesex. If you don't, if you can't meet one of the three NOPC categories, forget, don't talk to me about Middlesex. I don't think that that's what, I don't think that any of the cases out of the 8th Circuit post-sprint have really said that, though, Your Honor. I mean, I've. Well, I don't know how they were argued. Maybe they ignored it. Potentially so. Since we got reversed nine to nothing, we probably haven't been too anxious to embrace it. Well, Younger was applied in Minnesota Living Assistance and it went through the analysis. Was there an important state interest? Does it fit within one of the three categories? If there's a state process, is there an important state interest? Is there an adequate opportunity? The three Middlesex factors. Then is there one of the compelling exceptions to abstention? That case, post-sprint, applied that very same analysis. But I'm going to take you back to sprint as well. I mean, as I read sprint, you've got to pick one of those three from NOPC. So if we can stay there for a little bit before we go into Middlesex factors. It sounds like you're relying on the third bucket, the third category. I think two and three are both potential candidates to be applied in this situation. So your theory on the second one is there could have been an enforcement action? That's correct. And in this particular situation, I mean, it wasn't just because 375 Slane went through the administrative process. Factually speaking, which I know is not before this body, but factually speaking, had 375 Slane not been advised, number one, that the county, 375 didn't even know that Stone County had planning and zoning. That's in the record. And so once they found out that Stone County had planning and zoning and that a conditional use permit was required for nightly rental, then they made the request for the conditional use permit. Had they not made the request for the conditional use permit, Stone County regularly files enforcement actions against nightly rentals. As you all can imagine. Okay, but they did file. It feels like you're asking. They anticipated the need to avoid civil enforcement, and they did. And then they didn't get the results that they wanted, and they filed a writ case under 64-870 and a concurrent federal case. All right, so why is the concurrent federal case fit under the third NOPSI factor? That's what we're trying to get you to explain. Well, I don't know that any case subsequent to Sprint has really said anything that isn't, as Judge said, was wishy. Well, I guess you'll have to help us be the first. Well, if all our other panels have had cases where no one was, no attorney was prudent enough to find Sprint, which I can't believe. Well, we both cited to Sprint, Your Honor, in our briefing. We both did cite to Sprint. You cited it as well? Yes. And the district court, what did you say about it? In the briefing to this court, we addressed Sprint. No, to the district court. Negative, Your Honor. We did not address Sprint in the briefing to the underlying court, I believe. That's been the deal of the club ever since, in the 8th Circuit, ever since Sprint came down. I would have to go back and look. You could start with the cases that are cited to within the Supreme Court decision as C. Penzoil, C. Judice. Did you, and those are examples, it was at a bond, posting bond, pending appeal, things that were related to the ability of the court to enforce its order or conduct its own proceedings. That, at least those are the examples that I found. If you can find some others of how we should look at that third category, please speak up. But those are the ones that we started with. So, I'm just trying to figure out how this one, how your case fits with an understandably limited number of examples out there as to what qualifies. One moment. You know, kind of the bottom line is why isn't this a situation where if both the state and federal court have concurrent jurisdiction, first one to decide? What is there about the state interest that commands it must be exclusive? Well, that's what Nopsey asks. Of course, these are part and parcel in one another. I mean, the cases that talk about concurrent jurisdiction seem to say federal courts don't want to get in the way of planning and zoning land use issues. Well, the Supreme Court has never, ever since unflagging obligation came in the Supreme Court jurisdiction almost 100 years ago, that has not been the law of the land. And so, they couldn't, I mean, under the cases, they talk about. You know, if you get into the practicalities of competing pending cases, you have all kinds of doctrines that the federal court can invoke to decide why in this case, the state court proceeding should go first. You have exhaustion, you have stays, you have all kinds of doctrines under the federal rules of civil procedure that make for orderly handling of concurrent jurisdictions. And the Supreme Court, as I understand them almost philosophically, says that's the way to go. Don't say the federal court can't go first. Well, in this instance, I mean, 375 could have, the argument that they continue to make, 375 continues to make though, is that they could not have made the claim that we're talking about here today. I mean, they made federal due process and equal protection claims in the federal complaint. And there's no reason why they couldn't. I think the merits, as I understand them, and I haven't studied them, but they're almost far-fetched. I mean, pre-enforcement injunctions are about the hardest thing in the world to get. But that doesn't mean the federal court doesn't have jurisdiction to decide if this is one of the rare situations where it's appropriate. This has subjected a simple planning and zoning process, which there are thousands, hundreds of thousands probably over the country, where they could have raised their constitutional issues in a separate count. Mr. Ancrum stood up here and admitted that. They could have asserted that second cause of action. And it doesn't, from a pure judicial efficiency standpoint, it doesn't make any sense to file two separate lawsuits involving the same core parties, the same core nexus of facts, and the same issue. Agreed, but that's not the law of abstention. Can I ask a question about this whole add a second claim thing? Because I think I'm a little bit confused. Would that second claim have been added in the cert petition, or would it have been added when they brought the claim in the first instance to the lower body, seeking their seat? Like, when do they add this second claim where they could have done everything you say they could have done? Whenever they filed their petition in circuit court in the state of Missouri, at the same day, I think it was May 12th of 2021, they could have had one petition with one count on a writ of cert, and one count, or three counts, or five counts, or however many counts they wanted to, that was identical to the complaint in this underlying case. As a civil lawsuit sort of pendant to the cert petition? Correct. Okay. But just to clarify, I mean, under the writ process, I mean, as the governing body, we have the obligation to submit, once the circuit court issues the writ, we have the obligation within 30 days to submit the record on appeal. So, I mean, that is the first level review at side of the administrative body. And so that would have been, in my estimation, the appropriate time for them to have asserted that claim, but they chose not to do so, and went to the district court. And I think that the district court followed the law under Younger properly in order to abstain. It's not that the district court had to abstain, but I think that the district court looked at the factors and properly abstained. It was dismissed without prejudice. I feel like one of the things you're saying about the second NOPC option is that if there could be an enforcement action, even if there isn't, that gives, that makes it fall under the factor. Is that your position? It is. So where's the limiting principle there? Given that, you know, it's pretty clear from the court and, frankly, from the Sprint decision that this isn't to be broadly applied. Where's the limiting principle in the idea that if there could have been an enforcement provision, that triggers number two? It's always difficult to come up with the hypothetical what if about where is the limitation. I think potentially this court could have a set of facts in front of it that the, if you actually had facts in front of you on the record. Which is a problem. Which is difficult, but I mean, if there was no possible chance or factually or legally impossible, obviously that would not be a situation that I would, in good faith and fair dealing and not being red faced, come up before this body and say, well, there could have been an enforcement. If it was factually or legally impossible, obviously I think that's one end of the spectrum. However, I mean, it just so happens in this situation, I mean, we have facts on the record that, I mean, there would have likely been an enforcement proceeding had 375 Slane not come before, you know, the administrative bodies first in front of planning and zoning. So, to be frank, I'm not sure where the outer limits of that extend, but I think under the facts of the underlying state case here, there would be, you know, we haven't played out that question in the state court proceeding, but I think that the county would take the position that had they not complied, they would have filed an enforcement proceeding, and that there is a pattern and practice of doing so over the years. And when do you think that we'll get a ruling on the cert petition? I do not know. I know that in February, the court was of the opinion that there needed to be a written findings of facts and conclusions of law. We did not necessarily agree with that assertion under state law, but because that was the interlocutory order of the court, we did go back and obtain findings of facts and conclusions from the Board of Adjustment that has been fully briefed, it has been orally argued, and we have a status conference here scheduled in a week or two with the judge to check on status. Thank you. Oh, I didn't mean to shut you up, though. Very good. Thank you all for your time. I appreciate you. Thank you, counsel. I'll give you a minute for rebuttal, if you'd like. Judge Loken, I wanted to go back to a question that you and I believe Judge Kelly asked about. What a case where there had been an application of your mask is... Oh, my apologies. I wanted to go back to the question that you were asked that essentially was, what's the case that establishes that this is such a pervasive state interest that it should, that we should either look beyond or try to fit it in with one of the NOPC criteria? And I want to draw to your attention NOPC itself, which expressly holds that we would assuredly not require a facial challenge to an allegedly unconstitutional zoning ordinance be brought in state court. That's what the Supreme Court said in NOPC, which is directly relevant here because that's exactly what the district court did, and that's exactly how the district court erred. The principal issue, and going to your question, Judge Kelly, also on the NOPC criteria, I would argue that that third criteria is limited exactly as it's described. It's going to require an absolute state court judicial function, an order that would affect a state court judicial function. And there certainly is not one of those in this case that would attach to the underlying action in any fashion to bring this within the third criteria. And the Judas and Penzoil cases, civil contempt and bond, would be examples. There's nothing like that here at all. The, oh, I'm sorry, I'm out of time. Thank you, Your Honors. We would ask that you reverse the district court's decision. Thank you, Counsel. Thank you. The case has been well briefed, and the argument's been helpful. We'll take it under advisement.